

Cara Tseng Duffield
202.719.7407
cduffield@wileyrein.com

**MEMO ENDORSED**

VIA ECF

November 6, 2019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: November 12, 2019
```

Hon. Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Syncora Guarantee Inc. v. Houston Casualty Co.*, No. 18-11553 (S.D.N.Y.)

Dear Judge Ramos:

Defendant Houston Casualty Company ("HCC") requests a Rule 37.2 pre-motion discovery conference with the Court to address plaintiff Syncora Guarantee Inc.'s ("Syncora") objections to producing certain documents. On October 22, 2019, the parties (Adam Ziffer for Syncora and Cara Duffield and Matthew Beato for HCC) conferred but were unable to reach resolution.

In this case, Syncora seeks insurance coverage from HCC for an underlying Derivative Action. The Derivative Action plaintiffs are holders of certificates issued by certain trusts ("UCF Trusts"). They alleged that, pursuant to the terms of a 2009 Tender Offer, Syncora was obligated but failed to deposit over $200 million into the UCF Trusts. HCC contends that the Derivative Action settlement is not covered under the insurance policy ("Policy") it issued to Syncora because, among other things, (1) Syncora simply disgorged amounts to which it was not entitled and therefore the claim does not implicate covered "loss" and is barred by the Policy's profit exclusion; (2) the Derivative Action is not a "Securities Claim"; and (3) the Derivative Action arose out of Syncora's acts, errors or omissions that began before May 3, 2010 and the Policy's prior acts exclusion applies.

The document requests at issue pertain to Syncora's communications with the New York Department of Insurance ("NYDOI"). Syncora is a monoline insurer of residential mortgage-backed securities ("RMBS"), insuring payments to RMBS holders when the borrowers of the underlying mortgages default. In 2009, Syncora's capital reserves fell below regulatory requirements, and the NYDOI ordered Syncora to stop making RMBS insurance payments (the "1310 Order"). In connection with the 1310 Order, Syncora sought to restructure its RMBS insurance obligations through the Tender Offer, offering RMBS holders the chance to exchange their insured RMBS securities for new uninsured cash flow ("UCF") certificates issued by the UCF Trusts. Syncora's restructuring was successful, and in 2010, the NYDOI lifted the 1310 Order and allowed Syncora to continue making insurance payments on RMBS claims.

The Derivative Action plaintiffs alleged that, to incentivize RMBS holders to exchange their insured securities for uninsured certificates in the Tender Offer, Syncora promised that it would

pay the UCF Trusts amounts that Syncora recovered from lawsuits it had brought against JP Morgan, the sponsor of the underlying RMBS.  The Derivative Action plaintiffs alleged that Syncora obtained over $400 million from JP Morgan, approximately half of which should have gone into the UCF Trusts.  According to the Derivative Action plaintiffs, rather than pay those amounts to the UCF Trusts, Syncora kept the money for itself.

On April 5, 2019, HCC propounded its first requests for documents on Syncora.  Request 11 sought "[a]ll communications between Syncora and the [NYDOI] concerning the Tender Offer, including but not limited to Syncora's interest in any of the entities involved in the Tender Offer."  Request 12 sought "[a]ll communications between Syncora and the [NYDOI] concerning the 1310 Order."  On May 6, Syncora served written responses.  It raised various objections, including relevance, burden, privilege and confidentiality, but agreed, subject to its objections, to "produce any relevant, non-privileged documents and information in Syncora's possession that are responsive to" the requests.

On July 8, 2019, HCC inquired when Syncora would produce documents responsive to the requests.  On July 24, HCC sent a follow-up letter asking Syncora to confirm that it would complete document production by August 30.  On August 2, Syncora responded by letter that "Syncora is endeavoring to collect and produce communications between Syncora and the New York Insurance Department concerning the Tender Offer and 1310 Order, and will produce such documents as soon as reasonably practicable."  In an August 12 follow-up letter, Syncora further affirmed that documents responsive to requests 11 and 12 "will be produced by September 30, 2019."

However, in a September 13 letter, Syncora stated, "We have concluded that the information and documents sought in [requests 11 and 12] are not relevant to any claim or defense in this litigation and are subject to significant confidentiality concerns."  The parties exchanged further correspondence on the topic on October 9 and October 21.  On October 22, 2019, counsel for the parties conducted a 45-minute telephonic meet and confer.  While the parties made progress on other discovery issues, they were unable to resolve requests 11 and 12.

The requested documents are relevant to HCC's prior acts exclusion, "Securities Claim," no "loss," and profit exclusion defenses.  HCC understands that Syncora needed to obtain the NYDOI's approval for its restructuring and Tender Offer.  HCC believes that Syncora's and the NYDOI's communications about the need for the restructuring, the Tender Offer, and the 1310 Order are relevant for at least the following reasons:

- The communications will bear on the Prior Acts Exclusion, *i.e.*, that the Derivative Action arises out of acts, errors, omissions or other wrongdoing committed by Syncora in whole or in part prior to May 3, 2010, including but not limited to its

> inability to meet minimum capital requirements and satisfy its RMBS insurance obligations;
>
> ▪ The communications are likely to contain Syncora's description to the NYDOI of the corporate relationship (if any) between Syncora and the UCF Trusts, which is relevant to Syncora's argument that the Derivative Action is a "Securities Claim" because the UCF Trusts are Subsidiaries of Syncora;
>
> ▪ The communications may include representations that Syncora made to the NYDOI about the terms of the Tender Offer and the benefits that the RMBS securities holders would obtain in the Tender Offer (including as to any settlement with JP Morgan);
>
> ▪ The communications are likely to show the amounts that Syncora saved by engaging in the Tender Offer and restructuring as well as its rights and obligations once the NYDOI lifted the 1310 Order, all of which bear on whether Syncora obtained an improper monetary benefit as alleged in the Derivative Action.

Syncora itself implicitly has recognized the relevance of HCC's requests, agreeing three times that it would produce the documents in question before changing its mind on September 13. The Federal Rules of Civil Procedure do not allow a party to represent that it will produce documents and then delay production for five months only to then reverse course. Syncora accordingly has waived its relevance objections as a basis for wholesale non-production.

Syncora's other objections should not impede production. Syncora has not substantiated its burden objections with any specificity. HCC has offered to alleviate burden concerns by working with Syncora to limit the request by time period, document custodians, or other limiting factors, but the offer was rejected. As to confidentiality, there is already a protective order in place in this case.

HCC accordingly requests an informal conference to discuss resolution of these issues. Thank you for your consideration.

Sincerely,

/s/ Cara Tseng Duffield

cc: All counsel of record (via ECF)

> The parties are hereby directed to appear for a Rule 37.2 premotion discovery conference on December 3, 2019 at 11:00 A.M.. Plaintiff is directed to respond to Defendant's letter motions, Docs. 40, and 41, by November 26, 2019.
>
> Edgardo Ramos, U.S.D.J
> Dated: __November 12, 2019__
> New York, New York